UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: LOUIS A. SANTO, JR. | : | CHAPTER 13 |
| Debtor | : | CASE NO. 1-22-01912 |
| | : | |
| JACK N. ZAHAROPOULOS: | : | |
| CHAPTER 13 TRSUTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| LOUIS A. SANTO, JR. | : | |
| Respondent | : | |

## TRUSTEE'S MOTION TO DISMISS CASE

AND NOW, on September 4th, 2024, comes, Jack N. Zaharopoulos, Standing Chapter 13 Trustee for the Middle District of Pennsylvania, though his attorney, Douglas R. Roeder, Esquire, and respectfully represents the following:

1. This case was filed almost two years ago, on October 3, 2022, and a plan has yet to be confirmed.

2. The Debtor filed his original plan on December 1, 2022.

3. He filed a First Amended Plan on February 27, 2024.

4. He filed a Second Amended Plan on July 8, 2024.

5. The Trustee filed an Objection to the 2nd Amended Plan on July 30, 2024.

6. At a confirmation hearing held on August 28, 2024, Debtor's counsel advised the Court that Debtor has made payments to unsecured creditors outside of the bankruptcy plan and not via the Chapter 13 Trustee.

7. Payments made outside of the plan to unsecured creditors are a preference pursuant to §§ 1322(b)(1) and 547 and indicative of bad faith here.

8. Seemingly, Debtor payment these direct payments to circumvent the Chapter 13 Trustee fee. Direct payments motivated primarily by a desire to avoid the Trustee fee are improper. *See*, e.g., I*n re Delauder*, 189 B.R. 639, 647 (Bankr. E.D. Va. 1995).

9. The Trustee also raised the additional objections to confirmation:

    a. The Second Amended Plan is underfunded relative to the claims to be paid.

    b. The Debtor has not provided the Trustee with requested pay advices.

10. Additionally, based on the proffer of Debtor's counsel, Debtor is unwilling to cooperate and to follow the Bankruptcy Code regarding Chapter 13 Plan requirements.

11. Based on all the foregoing, the Trustee avers that the Debtor's plan has not been proposed in good faith and thus it violates §§ 1325(a)(3), and 1307(c)(1). Specifically,:

    a. Almost two years have passed since the filing of the case, and no confirmable plan has ever been proposed.

    b. The Debtor has paid creditors directly outside of the plan in an effort to avoid the Trustee fee.

12. Moreover, it would be extremely difficult for the Trustee to ascertain the correct amount to pay to each unsecured creditor in this case, since the Debtor has made unauthorized payments directly to unsecured creditors.

13. This case should be dismissed pursuant to §1307(c) for cause since the interest of creditors and the Debtor would be best served by dismissal.

WHEREFORE, your Trustee respectfully requests your Honorable Court dismiss the case upon the basis of a failure to file a confirmable plan and for the Debtor's lack of good faith exhibited in proposing a Chapter 13 plan in this case.

Respectfully submitted,

/s/ Douglas R. Roeder, Esquire
Id: 80016
Attorney for Movant
Jack N. Zaharopoulos
Standing Chapter 13 Trustee
Suite A, 8125 Adams Drive
Hummelstown, PA  17036
Phone: 717-566-6097
Email: droeder@pamd13trustee.com